UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICOLAS PALMA MOYA,

        Petitioner,

v.

PHILIP RHONEY, in his official capacity
as Deputy Field Office Director, Buffalo
Field Office, U.S. Immigration &
Customs Enforcement, et al., [1]

        Respondents.
_____

**ORDER**

6:25-CV-06823-EAW

      Petitioner Nicolas Palma Moya ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 6).

      Oral argument on the petition was heard on February 19, 2025. A more detailed decision will be issued in due course clarifying the reasons for this Order, but having considered the parties' respective positions, and after considering the balancing test set

---

[1] Philip Rhoney is the Acting Deputy Field Office Director of the Buffalo Field Office of the United States Immigration and Customs Enforcement and thus he is substituted as Respondent in place of Joseph Freden pursuant to Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to update the docket to reflect this substitution.

forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court grants the petition to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") on or before February 26, 2026. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. The government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court on or before March 2, 2026.

- 3 -

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  February 19, 2026
        Rochester, New York